## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MICHAEL E. BRAUN,      )
                             )
      Plaintiff,        )
                             )
v.                          )
                             )    Case No.
FEDERAL AVIATION       )
ADMINISTRATION, FAA    )    **JURY TRIAL DEMANDED**
ADMINISTRATOR MICHAEL  )
WHITAKER, SUSAN NORTHRUP, )
M.D., AND MATTHEW DUMSTORF, )
M.D., IN THEIR OFFICIAL   )
CAPACITIES,           )
                             )
      Defendants.     )

## PETITION FOR WRIT OF MANDAMUS

Plaintiff Michael E. Braun ("Braun") petitions this Court for the entry of a Writ of Mandamus, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), directing Defendants, the Federal Aviation Administration (the "FAA"), FAA Administrator Michael Whitaker ("the Administrator"), Dr. Susan Northrup (the "Federal Air Surgeon" or "FAS") and Dr. Matthew Dumstorf ("Dr. Dumstorf") to comply with the requirement that the FAA conclude matters presented to it in a reasonable time. 5 U.S.C. 555(b).

In this case, the FAA will not issue a final decision on Braun's request for a Special Issuance Authorization for an Airman First Class Medical Certificate ("SI" or "Authorization").[1] Braun's request has been pending for nearly three years. Moreover,

---

[1] A SI is a medical certificate which permits a pilot to fly if he meets certain conditions explicitly stated upon the pilot's medical certificate.

Braun provided all information listed on the controlling HIMS Recertification Checklist long ago and Braun's FAA designated HIMS AME doctor has repeatedly submitted his application and sponsorship in accordance with FAA recertification procedures.

The FAA refuses to issue Braun's SI not because his file is incomplete or deficient in some way. Instead, FAA representatives have stated they will <u>not</u> issue a SI to Braun unless and until he drops his unrelated NTSB appeal and drops the lawsuits he has against his employer. With disregard for the FAA Guide for Aviation Medical Examiners ("AME") the FAA has neither issued his SI nor provided grounds for denying his SI.

## THE PARTIES

1.     Braun is an Airline Transport Pilot residing in Crystal Lake, McHenry County, Illinois.

2.     The Federal Aviation Administration ("FAA") is a governmental agency within the Department of Transportation based in Washington D.C. The Federal Air Surgeon's Airman Medical Certification Division ("AMCD") is located in Oklahoma City, Oklahoma.

3.     Michael Whitaker is the FAA Administrator.

4.     Dr. Susan Northrup is the FAA FAS.

5.     Dr. Matthew Dumstorf works at the FAA Office of the AMCD for the Great Lakes Region.

## VENUE AND JURISDICTION

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1361, which states, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

8.      Braun is an Airline Transport Pilot subject to the FAA's regulations.

9.      On December 12, 2018, the FAA issued Braun a SI. One of the requirements of his SI included 12-14 random tests each year for alcohol consumption.

10.     During the time he was operating under a SI Authorization, Braun was employed by a Part 121 Certificated Air Carrier. In accordance with FAA protocols and the Air Carrier's Policies, the Air Carrier was responsible for administering the required 12-14 annual random tests.

11.     On June 24, 2019, Braun received a letter from the FAA FAS that his SI Authorization had been withdrawn.

12.     Braun's SI was withdrawn because of actions taken by his employer after Braun raised safety complaints regarding the possible failure to test substance dependent pilots at the airline.

13.     Braun also reported his concerns about testing to his FAA Aviation Medical Examiner (AME). His AME was aware the pilots in Chicago he was overseeing were not being tested as required. Braun's AME reported this failure to the FAA

Assistant Regional Flight Surgeon (RFS) of the Great Lakes Region, Dr. Matthew F. Dumstorf.

14.     Dr. Dumstorf was (and is) responsible for drug and alcohol-related issues concerning substance dependent pilots at the FAA.

15.     The FAA assigned Dr. Terry Jakubaitis, a doctor in the AMCD Great Lakes Regional Office, to investigate Braun's report of safety concerns and possible regulatory violations. Dr. Jakubaitis worked with Braun, interviewed witnesses, gathered documents and issued a detailed report under FAA report number EWB21013 (Jakubaitis Report). The report, with supporting documents, is 493 pages in length.

16.     In early 2022, Braun retained Dr. Gregory Pinnell as his Senior AME. Dr. Pinnell had HIMS credentials which meant he had gone through training to monitor pilots who were substance dependent, diagnosed with an alcohol-related condition or met other FAA requirements for an SI medical.

17.     HIMS AME Dr. Gregory Pinnell examined Braun so that he could apply for the reissuance of his original SI Medical Authorization dated December 12, 2018. It had been withdrawn because of his employer's allegations against Braun.

18.     Shortly after Dr. Pinnell examined Braun – in early 2022 – Defendant Dr. Matthew Dumstorf suggested to Dr. Pinnell that Braun's SI application would be approved if Braun came back into compliance with his original SI medical that the FAA issued on December 12, 2018. This was pursuant to the FAA Recertification Procedures for pilots renewing an SI medical due to drug or alcohol related incidents.

19.     According to the FAA records, Braun filed a First Class Medical Certificate on January 10, 2022.The FAA determined that Braun did not meet the requirements for an unrestricted medial certificate.

20.     On April 4, 2022, in a letter from Dr. David O'Brien, the FAA denied Braun's application for the unrestricted medical.

21.     On May 23, 2022, Braun's AME Dr. Pinnell sent a letter to the FAA AMCD, copying Dr. Dumstorf, confirming that Braun had met all of the requirements that Dr. Dumstorf had outlined for Braun to receive his SI. Dr. Pinnell submitted Braun's confirming paperwork and recommended, as Braun's supervising HIMS AME, that Braun's SI Authorization be reissued, in accordance with the <u>FAA</u> <u>HIMS AME</u> <u>Recertification Checklist (Drug or Alcohol Abuse)</u>.

22.     On June 2, 2022, Braun filed a timely appeal of the FAA's denial of his unrestricted medical certificate.

23.     Even though Dr. Pinnell included all information that Dr. Dumstorf stated he wanted in early 2022, the FAA did not issue the SI to Braun. As was later discovered, the SI was not issued, and no decision was provided because Braun filed an appeal of the denial of his unrestricted medical certificate on June 2, 2022.

24.     On August 22, 2022, Braun received a letter from the FAA requesting any recent records related to treatments Braun had received while his SI medical had been withdrawn.

25.     On August 31, 2022, Braun responded to the FAA's August 22, 2022 letter, copied to Dr. Pinnell, verifying that there were no additional medical records and

confirming that all medical records of visits to healthcare professionals had been submitted and were included in Braun's FAA "Blue Ribbon"[2] file. On February 1, 2023, the FAA AMCD confirmed in Braun's records that there was no failure on Braun's behalf to supply the FAA AMCD with all requested records.

26.     On September 8, 2022, Dr. Pinnell re-examined Braun, confirmed that he was continuing to meet FAA requirements, and again submitted paperwork to the FAA AMCD recommending that Braun be issued his SI Authorization in accordance with the HIMS AME Recertification Checklist.

27.     On November 23, 2022, Dr. Dumstorf contacted Dr. Pinnell and stated that Braun's application for recertification had been sent to Washington D.C. and was under review there. Dr. Dumstorf also conveyed that the "doctors" in Washington felt Braun may have a "behavioral issue" because Braun had exercised his statutory right to appeal the denial of his request for an unrestricted medical certificate and his statutory right to file a Whistleblower complaint against his employer.

28.     On November 28, 2022, the FAA AMCD informed Braun that his file had **not** been transferred to Washington and that it was still in the hands of the agency in Oklahoma City under Dr. Dumstorf's control. Dr. Dumstorf was incorrect when he told Dr. Pinnell that the file had been transferred to Washington and doctors in Washington had concerns about Braun's "behavioral issues."

---

[2] The FAA AMCD refers to a pilot's complete medical history as a "Blue Ribbon" file, referencing the blue ribbon which completes the seal when a paper copy of the file is produced. The phrase "Blue Ribbon" connotes that the file is complete.

29.     There was no evidence that any doctor in Washington had accessed Braun's file to conclude that he might have a behavioral issue as Dr. Dumstorf claimed. Dr. Dumstorf understood any form of "behavioral issue" would permanently disqualify Braun from ever obtaining another FAA Medical Certificate. There is absolutely no evidence in Braun's FAA medical files of any "behavioral issue(s)."

30.      Several psychiatrists and other medical doctors have evaluated Braun. None have ever diagnosed Braun with a behavioral issue(s) or made medical observations indicating any behavioral issues. No one has even recommended a further investigation (referral or testing or treatment) for any behavioral issues.

31.     The reports confirming the absence of behavioral issues or medical indicators are all contained within Braun's FAA file and are easily accessible to Dr. Northrup, Dr. Dumstorf and the "doctors" in the FAS or AMCD office.

32.     On November 28, 2022, Braun received another denial of his application for an unrestricted medical. This letter was unusual. First, there was no associated application for an unrestricted medical, so there was nothing to deny. Second, it was signed by Dr. Dumstorf over the type-written name, Dr. David O'Brien. This letter heaped on new requirements, which differed greatly from what Dr. Dumstorf said was for the reissuance of Braun's SI and from the requirements of the FAA Recertification Checklist .. The only thing that changed in the interim was that Braun filed his NTSB appeal.

33.     On January 10, 2023, Braun's counsel, Attorney Soma Priddle ("Attorney Priddle"), wrote to Dr. Dumstorf detailing Braun's compliance with all of the

requirements Dr. Dumstorf himself had set for the reissuance of Braun's SI in early 2022 and inquired about the status of his application. The letter specifically demonstrated that Braun had over six years of continuous random testing by an FAA and DOT approved laboratory reporting results to his HIMS AME, proving total abstinence.

34.     Braun received no response to the January 10, 2023, letter sent to Dr. Dumstorf and Dr. Dumstorf did not respond to messages left by Braun's counsel.

35.     On February 1, 2023, Dr. Pinnell again re-examined Braun for the reissuance of his original SI medical certificate. Dr. Pinnell once again confirmed that Braun continued to meet the FAA requirements. Dr. Pinnell could see no reason why the FAA AMCD would not either issue the medical or provide a medical reason why not to issue the medical.

36.     The Defendants are withholding Braun's SI because he filed an NTSB appeal. The NTSB Appeals process provides specific rules governing a pilot's simultaneous appeal of the denial of an unrestricted medical certificate while pursuing a SI Authorization. Those rules provide an option for the <u>pilot</u> to put a hold on the processing of his medical application. It does not provide an option for the FAA to hold up the processing of his medical application.

37.     On March 13, 2023, Braun's counsel wrote to Dr. Susan Northrup, the Federal Air Surgeon, detailing Braun's efforts to obtain his SI medical certificate and expressing concerns over the status of his application. The letter detailed Braun's complete compliance with every aspect of the FAA HIMS AME Recertification Checklist.

38.     Braun received no response whatsoever from Dr. Susan Northrup, the FAS for the U.S. Federal Aviation Administration.

39.     On May 21, 2023, the reasons for the FAA's failure to issue Braun's SI were confirmed. That day, Attorney Priddle received a telephone call from Braun's AME Dr. Pinnell, who was attending the Aerospace Medical Association ("ASMA") conference in New Orleans. Dr. Dumstorf was there. Dr. Pinnell had a detailed conversation with Dr. Dumstorf at the conference over the status of Braun's SI application. Dr. Dumstorf demanded that Dr. Pinnell convey a message to Braun and Attorney Priddle that until Braun dropped his NTSB appeal, and his private litigation against his employer, that Dr. Dumstorf would refuse to process <u>any</u> application that Braun submitted or had pending, including his application for an SI.

40.     Dr. Dumstorf specifically referenced Braun's private litigation in the federal district court against his employer in his comments to Dr. Pinnell demanding that Priddle ensure all litigation was dropped.

41.     Attorney Priddle advised Dr. Pinnell that she could not conduct negotiations regarding ongoing litigation with anyone other than the FAA's attorney and would require something in writing from Dr. Dumstorf.

42.     Attorney Priddle then contacted the FAA Acting Administrator's counsel, Cole Milliard, regarding the threats from Dr. Dumstorf and his stated refusal to process Braun's SI application. Milliard assured Priddle that the SI application would indeed be processed in accordance with FAA protocols. He further stated that the FAS would provide a letter in accordance with FAA Guidelines for the issuance of airmen medical

certificates, explaining why the FAA FAS had not issued Braun his SI medical certificate including the specific *medical* grounds for non-issuance. No claim of a *medical* ground for non-issuance has ever been made.

43.     On May 22, 2023, Dr. Dumstorf, through the FAA AMCD, doubled down on his threat to Braun and counsel. He issued a letter, while still at the ASMA conference, stating "However, we will be taking no further action on that application *or any subsequent applications* until your appeal to the National Transportation Safety Board (NTSB) [ ] of our April 4, 2022, denial of a prior application is fully resolved."

44.     Dr. Dumstorf's assertion that he could simply refuse to process Braun's application for the reissuance of his original SI medical was retaliatory and a violation of the delegated authority of the FAS and the AMCD. It also violated the Pilot's Bill of Rights. Pub. L. No. 112-153, 126 Stat. 1159 (2012) ("PBR") Braun has the right to pursue both a Special Issuance (SI) and an unrestricted medical at the same time. Dr. Dumstorf actions demonstrate his willingness to leverage Braun's medical certificate to inflict harm to Braun's career, employment and finances.

45.     Also, the FAA's May 22, 2023, letter did not make sense in context. All of Braun's applications that were submitted by Dr. Pinnell clearly state that they are applications for reissuance of his SI certificate.

46.     Attorney Priddle subsequently provided clarification to Mr. Milliard in the form of a Declaration from Dr. Pinnell explicitly stating the details of his application for the SI and a copy of his FAA submission.

47.     After further review with the AMCD, Milliard advised Attorney Priddle

that the FAA AMCD would indeed proceed with processing Braun's SI in accordance

with the FAA Guide for Aviation Medical Examiners and FAA SI Medical

Recertification protocols, and a letter of explanation would be forthcoming explaining

the specific *medical* criteria which the FAA contended had not been satisfactorily

fulfilled. No letter ever arrived. In fact, *nothing* has occurred despite numerous requests

for an explanation of exactly what medical criteria might be missing – since Dr. Pinnell

originally (May 2022) and repeatedly (twice in 2022, February and June 2023) confirmed

and certified that all required medical criteria were provided. Clearly Braun has

significantly exceeded the requirements listed in Dr. Dumstorf's April 4, 2022 letter

listing precisely the medical requirements for Michael Braun's SI reissuance and all

known requirements for issuance of an SI medical listed in the FAA Guide for AMEs –

the governing document.

48.     Dr. Dumstorf and Dr. Northrup were both aware Braun had filed a

whistleblower complaint regarding testing failures with his employer. As the AMCD

doctor tasked with alcohol and drug-related SI medical certificates, and his work within

the Regional Flight Surgeon's office for the Great Lakes Region, Dr. Dumstorf had

knowledge of and likely read the "Jakubaitis report" (EWB21013) investigating Braun's

Whistleblower complaint of failed alcohol and drug testing for SI pilots. Dr. Susan

Northrup read the report and provided Braun a letter stating that she had redacted and

censored hundreds of pages from the report (EWB21013).c

49.     The Defendants are intentionally giving Braun the run around on his SI because of his whistleblower complaint and unrelated lawsuits. They continue to move compliance targets to inflict harm on Braun and delay his ability to return to work. They continue to move the goal posts and levy new requirements as Braun satisfies the previous requests. Dr. Pinnell has filed three complete applications for Braun's medical without any acceptance or medical denial of any of the applications. This is unique and not consistent with the FAA guidelines.

50.     In July of 2023, Dr. Pinnell again conferred with Dr. Dumstorf and inquired about the status of Braun's SI. This conversation occurred over a month after the Administrator's attorney had advised Braun's attorney that the AMCD was processing the SI application. In this second discussion, Dr. Dumstorf advised Dr. Pinnell that the SI would not be issued **because of** Braun's lawsuits and his "history." Dr. Dumstorf specifically raised with Dr. Pinnell Braun's appeal before the NTSB, and Braun's lawsuit "in District Court" which references Braun's two claims against his employer.

51.     On July 29, 2023, Braun's counsel filed an Emergency Motion for Injunctive Relief with the NTSB detailing that the Administrator of the FAA was failing to follow Federal Regulations in reference to Braun's SI medical application in retaliation for his filing and NTSB appeal and for pursuing claims against his employer.

52.     On August 24, 2023, the NTSB judge ruled against Braun on the motion for emergency relief stating:

"I sympathize wholeheartedly with Petitioner's dilemma. Nevertheless, all facts and circumstances that [Petitioner] asserts in his motion pertain to his Special Issuance application or certificate. Board precedent is clear and established that the Board has no jurisdiction over Special Issuance matters; therefore, the Tribunal has no power to grant the relief requested."

53.     Braun exhausted all avenues for relief regarding the FAA's failure to issue his SI beyond this mandamus action.

54.     Despite numerous requests from Braun's counsel, the letter listing what was missing from Braun's application in reference to the recertification checklist has *never* been issued. The FAA FAS has not issued Braun's SI in accordance with the FAA HIMS Recertification checklist, nor provided a medical reason for its failure to do so. Dr. Pinnell himself can see no reason why the FAA AMCD refused to process any of the applications he has filed on Braun's behalf.

55.     Instead, on August 24, 2023, the FAA sent Braun a letter requesting more information. The information request seeks information not required on the FAA's Recertification Checklist for SI Medicals, the FAA Guide for AMEs, nor any CFR requirements regarding pilot mental health including alcohol abuse or dependence criteria.

56.     The latest letter requests that Braun submit to an unspecified psychiatric examination by one of three named FAA HIMS psychiatrists before his FAA medical is processed. This request contains no specific reason for the examination or specified medical standard or any referral by a medical doctor for testing. This request identifies no medical indicator from Braun or his FAA file for the FAA AMCD to demand such an examination. Braun's FAA AME Dr. Pinnell did not request this examination and has

never provided the FAA with any reason to subject Braun to such an unwarned examination.

57.     The FAA has no authority to demand that Braun see one of the FAA AMCDs specifically named psychiatrists in order to have his SI processed. The demand by a government official for an applicant to see a specific *named* individual practitioner violates not only FAA AMCD protocols but also generally accepted standards of regulatory conduct.

58.     Braun's counsel, Michael Lueder and Soma Priddle, subsequently raised this issue with FAA counsel Milliard in reference to his FAA examination in a meet-and-confer discussion, Mr. Milliard could offer no justification for the aberrant behavior of the FAA requiring a specific practitioner other than the claim of "geographic proximity" between Mr. Braun's residence in Crystal Lake, Illinois and the FAA appointed physiatrists located in either San Francisco, Atlanta, or Denver. Mr. Milliard had no justification for the FAA AMCD to issue such a request to Braun, other than the three psychiatrist's proximity to Braun's home.

59.     Braun has provided everything that is required for recertification. He has shared 7 years and 2 months of continuous testing information proving total abstinence. He has shown all of the following:

a.     Braun has demonstrated *continuous* random testing by a DOT and FAA approved testing organization with results submitted directly to the HIMS AME for over seven years – three times the statutory requirement for a diagnosis of alcohol dependence. At no time did the Federal Air Surgeon ever question the quality or

integrity of any of the nationally recognized FAA certified laboratories chosen by the HIMS AMEs or question the results; but yet they refuse to issue his SI medical.

b.      Braun has successfully completed 'Aftercare' treatment three times and received glowing recommendations from the Aftercare sponsors and administrators including his most recent application.[3]

c.      Braun provided peer pilot support letters including obtaining an independent peer pilot in accordance with HIMS AME's guidance.[4]

d.      Braun obtained numerous evaluations by medical doctors who are board certified in psychiatry and addictive psychiatry, in addition to maintaining medical licenses who have determined that Braun did not meet diagnostic criteria for alcohol abuse, dependence, or any other mental health condition which would preclude the issuance of an FAA First Class Medical certificate (including personality disorder). Yet, the FAA AMCD under Dr. Dumstorf and Dr. Northrup refuse to acknowledge Braun's psychiatric evaluations demonstrating that Braun is not substance abusive or dependent in processing his medical.

60.     Braun exceeded every single criterion on the FAA Recertification Checklist and the FAA cannot point to a single failure or incomplete item on the checklist. In fact, their own records confirm that his SI application file was complete and ready for final processing on February 1, 2023, as demonstrated on Braun's FAA status

---

[3] Note: The Aftercare administrators have noted that he did not meet the requirements for a diagnosis of alcohol dependence. However, they provided Aftercare services due to an alleged "FAA requirement."
[4] After leaving flight status with his former employer Braun obtained another peer pilot experienced and qualified in both AA and peer pilot requirements.

page reflecting "No FTP" assessment., Thus, indicating that after review, the FAA

AMCD had determined there was no 'Failure-To-Provide" any required information to

process his SI application back in February of 2023.

61.     The highly unusual FAA letter from August 24, 2023, reflects an

unverified or specified concern about Braun's "history" – but it is not this new "history

of alcohol use"[5] which is keeping the AMCD from processing his SI. In reality, it is the

"history" of retaliation and threats which Dr. Dumstorf specifically conveyed to Dr.

Pinnell – about Braun's history of asserting his legal statutory rights under the United

States Constitution.

62.     As of April 2024 – three years after Braun applied for recertification

(meeting all criteria), the FAA still has not issued Braun's SI or medical reason for

denying his recertification. The FAA continues to deny Braun his congressional

privileges under the "Pilots Bill of Rights" and continues to violate Braun's SI

application in accordance with the FAA HIMS recertification checklist – as required by

federal law[6] – despite repeated requests to do so.

63.     Instead, the FAS has taken the unprecedented step of neither issuing nor

denying Braun's medical in accordance with the <u>FAA Guidelines for the Recertification

of SI Authorizations,</u> but continues to move goal posts by making up a brand new

requirements; ignoring Braun's request for an explanation why the medical is not being

processed; misleading to Braun and his AME Dr. Pinnell about processing Braun's

---

[5] "History of alcohol use" is not one of the specific medical criteria which authorizes non-issuance of a
medical certificate.
[6] 5 U.S.C. 555(b) requires federal agencies to conclude matters before it is a reasonable time.

application; requiring Braun to see FAA designated doctors, threatening Braun and his attorneys to drop his appeal and private litigation; failing to abide by the "Pilots Bill of Rights"; failing to properly administer the FAA's own Recertification Guidelines; extorting Braun to drop his whistleblower safety complaint exposing testing failures; and continuing to do financial harm to Braun.

64.    There is neither precedent nor authorization for the FAA to dictate a specific, *named,* medical practitioner for an airman to see for medical examination as opposed to an appropriately *qualified* treating medical specialist, e.g. board certified in cardiology, neurology, addiction psychiatry, etc.

65.    Braun has called the FAA AMCD office numerous times from September 2022 through February 2024, only to find that his application is in the never ending "review process." The FAA AMCD cannot explain the delay in the processing of Braun's application but confirmed that Braun's file was in the hands of Dr. Dumstorf and not sent to Washington for review in November of 2022 as Dr. Dumstorf alleged.

66.    Braun's FAA Medical Records database shows that Braun's medical files – including all of his applications – have been under the control of Dr. Dumstorf's office since his original application by Dr. Pinnell in January 2022, immediately after Braun filed his original safety reports, and have not been processed in accordance with standard FAA processes.

67.    When an airman fails to provide medical information necessary to complete his application, the FAA AMCD issues a notice advising him or her of the Failure To Provide ("FTP") the necessary information. It advises the airman that the

application cannot be completed until the necessary information is provided. Braun's FAA record clearly shows that his file was examined and determined to be complete and that no FTP letter was required on February 1, 2023. Nonetheless, the FAA has not processed Braun's application for an SI medical certificate.

68.     Although Congress authorized the FAS to exercise discretion in the issuance of SI medical certificates, that discretion is not unlimited. It is specifically limited to those medical factors in which the FAS actually has specific medical expertise.

69.     The FAS is refusing to process Braun's SI application based upon factors outside of the FAS' authorized area of discretion – including his exercise of his right to appeal and his pursuit of claims against his employer.

70.     It is unconscionable that a government official would exercise his narrowly delegated authority – to consider specific medical factors in the issuance of a medical certificate – to threaten action against a United States citizen forego exercising his statutory rights to nondiscrimination, or statutory rights to appeal an executive agency decision – by withholding his right to a medical certificate.

## COUNT FOR WRIT OF MANDAMUS

71.     Braun incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein, and further alleges and states as follows:

72.     The FAA has acknowledged that Braun's medical file is complete, but still has yet to issue a final decision.

73.     The FAA was aware of its duty to promptly respond to an airman's request for reauthorization of a SI certificate as instructed by the U.S. Court of Appeals for the District of Columbia Circuit in the cases of *Erwin v. FAA,* 21 F. 4th 154 (D.C. Cir. 2021) and *Friedman v. FAA*, 841 F.3d 537 (D.C. Cir. 2016).

74.     Braun has no other legal course of action and has exhausted administrative remedies available to himself other than this mandamus because the FAA refuses to issue a medical certificate or a final decision. While there are various statutory avenues for relief regarding the issuance of authorizations, each avenue of recourse requires Braun to appeal a final decision, which does not exist here.

75.     This Court is authorized "to compel an officer or employee of the United States or agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This is precisely the sort of "extraordinary situation" where mandamus is warranted because the FAA has refused – for nearly three years – to issue a final decision regarding Braun's request. *Allied Chemical Corp. v. Daiflon, Inc.* 449 U.S. 33, 34 (1980) (per curiam).

76.     Without a final decision, Braun cannot challenge the FAA's decision.

77.     Additionally, given the illegal retaliatory reasons that the FAA has not granted an SI to Braun, it should be directed to do so. Given the facts continued herein, the issuance of an SI to Braun has moved beyond the discretionary to the mandatory.

## **PRAYER FOR RELIEF**

WHEREFORE, Braun respectfully requests that the Court enter judgment against the FAA as follows:

a.  For a Writ of Mandamus directing the FAA to issue a final decision regarding Braun's request for a Special Issuance Authorization for a First Class Medical Certificate in accordance with the FAA Guide for Aviation Medical Examiners and the FAA HIMS AME Recertification Checklist;

b.  For an injunction prohibiting the FAA from considering any factors other than those authorized by Congress in the consideration of Petitioner's SI Medical Certificate;

c.  For an injunction prohibiting the FAA from considering *any* non-medical actions of Braun, including but not limited to his pursuit of his legal right of appeal under the Pilot's Bill of Rights or civil litigation against his current employer or his filing of aviation safety reports under aviation 'whistleblower' reporting protocols in their decision-making process regarding the issuance of his Medical Certificate;

d.  For a writ of mandamus directing the FAA to issue Braun in accordance with the FAA step down program credit from his original SI start date of December 12, 2018 to present. The SI will reflect Braun's requirements at that point in the FAA's documented "Step Down" program for pilots;

e.  For all attorneys' fees and costs incurred by Braun in pursuing his right to a final decision on his application for a SI Authorization Medical Certificate; and

f.  For such other and further relief as the Court deems to be just and equitable under the facts and circumstances.

Plaintiff demands a jury trial.

Dated: April 4, 2024.                    Respectfully submitted,


By: /s/ Robert L. Gordon
    Robert L. Gordon, USDC DC Bar #: 380952
    Michael C. Lueder (*pro hac vice* pending)
    **HANSEN REYNOLDS LLC**
    301 N. Broadway, Suite 400
    Milwaukee, Wisconsin 53202
    Telephone: (414) 455-7676
    Facsimile: (414) 273-8476
    rgordon@hansenreynolds.com
    mlueder@hansenreynolds.com

    *Attorneys for Plaintiff Michael Braun*