UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL E. BRAUN,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br>et al.,<br><br>        Defendants. | Civil Action No. 24-0969 (JEB) |

**<u>DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT</u>**

## TABLE OF CONTENTS

Table of Contents ............................................................................................................. i

Background ....................................................................................................................... 1

Legal Standards ............................................................................................................... 4

Argument ......................................................................................................................... 5

    I.     The Amended Petition Should Be Dismissed in Its Entirety for Lack of Subject
          Matter Jurisdiction. ............................................................................................ 5

          A.     Plaintiff's Claims Must Be Dismissed Because the All Writs Act Does Not
                Confer Jurisdiction. .................................................................................... 5

          B.     Mandamus Relief is Precluded Because Plaintiff Has Other Adequate
                Means to Obtain the Requested Relief. ........................................................ 6

          C.     Plaintiff Cannot Establish that the FAA Has a Clear Duty to Act,
                Mandating Dismissal of the Amended Petition. ......................................... 7

Conclusion ....................................................................................................................... 9

Defendants Federal Aviation Administration ("FAA"), FAA Administrator Michael Whitaker, Dr. Susan Northrup, and Dr. Matthew Dumstorf, respectfully move to dismiss Plaintiff's Amended Petition for Writ of Mandamus, ECF No. 17 ("Am. Pet."), for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff seeks a writ of mandamus and other injunctive relief against Defendants for an order requiring Defendants to issue a Special Issuance Authorization for an Airman First Class Medical Certificate ("Special Issuance Authorization"), which would allow Plaintiff to obtain a medical certificate so long as he meets certain medical requirements and thereby pilot airplanes. *See generally* Am. Pet. ¶¶ 81–89. Because neither the All Writs Act nor the Mandamus Act confer jurisdiction over Plaintiff's claims, the Court should dismiss the Amended Petition in its entirety for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges that he is an airline pilot who was granted a Special Issuance Authorization in 2018 that allowed him to operate aircraft with certain health monitoring requirements relating to his history of substance abuse, including a requirement that Plaintiff submit to random substance use tests administered by his employer. *Id.* ¶¶ 8–10. On June 24, 2019, Plaintiff received notice that the FAA withdrew his Special Issuance Authorization. *Id.* Plaintiff claims that the FAA took this action "because of actions taken by [Plaintiff's] employer after [he] raised safety complaints regarding the possible failure to test substance dependent pilots at the airline." *Id.* ¶ 12.

Two-and-a-half years later, on January 10, 2022, Plaintiff applied to the FAA for issuance of an unrestricted medical certificate ("Unrestricted Certificate"). *Id.* ¶ 19.[1] Around the same time, in "early 2022," Plaintiff engaged Dr. Gregory Pinnell, certified in a substance abuse monitoring

---

[1]    The requirements for issuance of an Unrestricted Certificate are set forth at 14 C.F.R. Part 67, subparts B–D.

program, to examine Plaintiff and submit medical documentation to the FAA on Plaintiff's behalf in support of obtaining a Special Issuance Authorization. *Id.* ¶¶ 16–17. In April 2022, Plaintiff's application for an Unrestricted Certificate was denied. *Id.* ¶¶ 19–20. Plaintiff appealed that denial to the National Transportation Safety Board ("Safety Board") in June 2022. *Id.* ¶ 22; *see* 49 U.S.C. § 44703(d) ("An individual whose application for the issuance or renewal of an airman certificate has been denied may appeal the denial to the [Safety Board]"). That appeal remains pending. *See* Nat'l Transp. Safety Bd., Currently Scheduled Hearings, https://www.ntsb.gov/legal/alj/ Pages/hearing_calendar.aspx (last visited July 22, 2024) (showing that Plaintiff's Safety Board hearing is scheduled for October 2024).

Plaintiff alleges that in early 2022, Defendant Dr. Matthew Dumstorf, who is allegedly "responsible for drug and alcohol-related issues concerning substance dependent pilots at the FAA," "suggested to Dr. Pinnell that [Plaintiff's Special Issuance Authorization] would be approved if Plaintiff came back into compliance with" the 2018 Special Issuance Authorization's requirements. *See id.* ¶¶ 14, 18. In denying Plaintiff's Unrestricted Certificate in April 2022, Defendants also did not issue Plaintiff a Special Issuance Authorization but informed Plaintiff what information the agency would need to reconsider its position on a Special Issuance Authorization. *See* Ex. A (Apr. 4, 2022 Denial Ltr. from FAA to Plaintiff). On May 23, 2022, Dr. Pinnell submitted medical documentation to the FAA allegedly demonstrating that Plaintiff was in compliance with the applicable requirements supporting a reissuance of Plaintiff's Special Issuance Authorization. *See id.* ¶ 21.

On August 22, 2022, Plaintiff alleges that the FAA requested recent medical records "related to treatments [Plaintiff] had received while his [2018 Special Issuance Authorization] had been withdrawn." *Id.* ¶ 24. Plaintiff responded on August 31, 2022, advising the FAA that all

medical records had been submitted to Defendants and that no additional records were outstanding. *Id.* ¶ 25. The FAA allegedly "confirmed . . . that there was no failure on [Plaintiff's] behalf to supply . . . all requested records." *Id.* According to the Amended Petition, in September 2022, Dr. Pinnell reexamined Plaintiff and advised the FAA again that Plaintiff had met all the requirements for reissuance of a Special Issuance Authorization. *Id.* ¶ 27.

Plaintiff alleges that despite his subsequent inquiries, Defendants did not render a decision on his application for a Special Issuance Authorization. *See id.* ¶¶ 34–39. The Amended Petition alleges that in May 2023, Plaintiff's counsel received a call from Dr. Pinnell who was attending an industry conference in New Orleans. *Id.* ¶ 40. According to Plaintiff's counsel, Dr. Pinnell told her that he had a discussion with Defendant Dumstorf, who was also attending the New Orleans conference that day. *Id.* According to the discussion relayed to Plaintiff's counsel, Dr. Dumstorf allegedly told Dr. Pinnell that he (Dr. Dumstorf) would not issue a decision on Plaintiff's application for a Special Issuance Authorization unless Plaintiff dropped his pending Safety Board appeal (i.e., of the FAA's denial of an Unrestricted Certificate) and his private litigation against his employer. *Id.* ¶¶ 40–41.

Plaintiff's counsel thereafter contacted the FAA to alert the agency of Drs. Pinnell and Dumstorf's alleged discussion. *Id.* ¶ 43. The FAA allegedly responded that Plaintiff's application for a Special Issuance Authorization would be "processed in accordance with FAA protocols." *Id.* In August 2023, the FAA sent Plaintiff a letter "requesting additional information," to include the results of a psychiatric evaluation to be conducted by one of three identified psychiatrists. *Id.* ¶¶ 61–62; *see also id.* ¶ 67 (alleging that "[o]ut of approximately 100 FAA approved [] psychiatrists, [Plaintiff's] employer allows its pilots to see only a few."). Plaintiff allegedly raised concerns about being asked to visit specific psychiatrists, and the Complaint does not allege that

Plaintiff provided the psychiatric evaluation requested by the FAA in August 2023. *Id.* ¶¶ 68, 69(d). Plaintiff alleges that his application for a Special Issuance Authorization is still pending decision at the FAA. *See id.* ¶¶ 75, 79.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests whether the Court has subject matter jurisdiction over the claims presented. Fed. R. Civ. P. 12(b)(1); *Grand Lodge of the Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (court bears an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). A mandamus claim should be analyzed under Rule 12(b)(1), because unless the threshold requirements for mandamus are met, "a court must dismiss the case for lack of jurisdiction." *Neville v. Burrows*, Civ. A. No. 22-3246 (RC), 2024 WL 578986, at *12 (quoting *Am. Hosp. Ass'n v. Becerra*, 812 F.3d 189 (D.C. Cir. 2016)).

## ARGUMENT

**I.    The Amended Petition Should Be Dismissed in Its Entirety for Lack of Subject Matter
<u>Jurisdiction.</u>**

> **A.    Plaintiff's Claims Must Be Dismissed Because the All Writs Act Does Not
> Confer Jurisdiction.**

Plaintiff seeks relief "pursuant to the All Writs Act, 28 U.S.C. § 1651(a), directing
Defendants" to take action on his application for a Special Issuance Authorization." Am. Pet. at 1,
23–24. But the All Writs Act itself does not confer this Court with jurisdiction over Plaintiff's
claims and. therefore, all claims relating to the All Writs Act must be dismissed.

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in
aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.
§ 1651(a). "The Act does not grant or expand the jurisdiction of district courts; it only permits the
issuance of writs as necessary to protect the jurisdiction of the court." *Lakner v. Dep't of Def.*, 755
F. Supp. 2d 132, 137 (D.D.C. 2010). Plaintiff does not allege that the relief he seeks is "in aid of
jurisdiction which is created by some other source." *Id.* (quoting *West v. Spellings*, 480 F. Supp.
2d 213, 218 (D.D.C. 2007); *see also Jory v. Dep't of Homeland Sec.*, 859 F. Supp. 2d 72, 77
(D.D.C. 2012) (discussing the scope of jurisdiction under the All Writs Act and denying the
plaintiff's request for relief under both the Mandamus and All Writs Acts). Instead, the Amended
Petition presumes that the All Writs Act grants this Court authority to direct Defendants to take
the actions desired by Plaintiff, *see generally* Am. Pet. at 1. Plaintiff is clearly wrong, and to the
extent he relies on the All Writs Act for his demand for relief, the Court should dismiss the
Amended Petition for lack of jurisdiction.

**B.      Mandamus Relief is Precluded Because Plaintiff Has Other Adequate Means to Obtain the Requested Relief.**

Next, Plaintiff's Amended Petition invokes the Mandamus Act, 28 U.S.C. § 1361, as the source of this Court's purported authority to grant the requested relief. *See, e.g.*, Am. Pet. ¶ 87. As discussed further below, Plaintiff is not entitled to relief under that statute either, and his claims should therefore be dismissed in their entirety under Rule 12(b)(1).

The Mandamus Act authorizes a federal court to "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Such relief is extraordinary and proper only if three conditions are satisfied:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires . . . . Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Al-Nashiri*, 791 F.3d 71, 78 (D.C. Cir. 2015) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004)) (cleaned up). It is a bedrock principle that "no writ of mandamus—whether denominated 'advisory,' 'supervisory,' or otherwise—will issue unless the petitioner shows . . . that [he] has no other adequate means of redress." *Rep. of Venezuela v. Phillip Morris, Inc.*, 287 F.3d 192, 198 (D.C. Cir. 2002). Plaintiff's claims fail because he cannot make this foundational showing.

Plaintiff alleges that he has submitted a variety of medical documentation as support for his application for a Special Issuance Authorization, except the psychiatric evaluation requested by the FAA in August 2023. *See* Am. Pet. ¶¶ 62, 63, 69. In sum, as is clear from the face of the Amended Petition, Plaintiff simply refuses to provide the requested psychiatric evaluation because he harbors mistrust of psychiatrists approved by the FAA or his employer to conduct substance-abuse related evaluations. *Id.* ¶¶ 64–68. Mandamus relief cannot lie under these circumstances,

where the requested agency action is held up due to Plaintiff's own recalcitrance. Plaintiff has "other adequate means" to obtain a Special Issuance Authorization—namely, providing the information requested by the FAA to determine his suitability to operate aircraft. *See* Am. Pet. ¶¶ 61–62.  The failure to do so is clearly all his own, not Defendants'. For this reason, Plaintiff's request for relief under the Mandamus Act should be denied.

### C.   Plaintiff Cannot Establish that the FAA Has a Clear Duty to Act, Mandating Dismissal of the Amended Petition.

The Amended Petition seeks mandamus relief because, according to Plaintiff's allegations, Defendants have failed to issue a decision on Plaintiff's request for a Special Issuance Authorization. *See* Am. Pet. at 23–24. By its own terms, the applicable regulatory scheme makes the decision whether to grant a Special Issuance Authorization entirely discretionary, and therefore, the Plaintiff cannot establish that the FAA has a "clear and indisputable duty" to act with regard to Special Issuance Authorizations, as is required for mandamus relief to issue. *See Al-Nashiri*, 791 F.3d at 78; *West*, 480 F. Supp. 2d at 217–18 ("courts do not have authority under the mandamus statute to order a government official to perform a discretionary duty").

Special Issuance Authorizations are governed by 14 C.F.R. § 67.401, which states: "At the discretion of the Federal Air Surgeon, an Authorization for Special Issuance of a Medical Certificate, valid for a specified period, may be granted to a person who does not meet" the requirements for an Unrestricted Certificate. 14 C.F.R. § 67.401(a). "In granting a[ Special Issuance] Authorization . . . , the Federal Air Surgeon may consider the person's operational experience and any medical facts that may affect the ability of the person to perform airman duties including (1) [t]he combined effect on the person of failure to meet more than one requirement of this part; and (2) [t]he prognosis derived from professional consideration of all available information regarding the person." *Id.* § 67.401(c). By stating clearly that the FAA's Federal Air

Surgeon "may" grant a Special Issuance Authorization, this regulatory provision sets forth a discretionary procedure in which the FAA may consider a variety of information about the applicant, including "any medical facts" that impact the applicant's ability to safely operate aircraft.

The discretionary nature of the Special Issuance Authorization dooms the Amended Petition's request for mandamus relief. *See, e.g.*, *Martin v. EEOC*, 19 F. Supp. 3d 291, 304 (D.D.C. 2014) (because the manner in which agency conducted investigation was left to the agency's discretion, mandamus relief was not available to plaintiff). Citing *Erwin v. FAA*, 21 F.4th 154 (D.C. Cir. 2021), and *Friedman v. FAA*, 841 F.3d 537 (D.C. Cir. 2016), Plaintiff's Amended Petition alleges the FAA is aware of its duty to act promptly but simply fails to do so.  However, unlike the plaintiffs in *Erwin* and *Friedman*, Plaintiff here does not challenge the FAA's decision to withdraw a Special Issuance Authorization or to withhold an Unrestricted Certificate. *See Erwin*, 21 F.4th at 158 (pilot sought review of the agency's decision to withdraw his Special Issuance Authorization pursuant to 14 C.F.R. § 67.401(i)); *Friedman*, 841 F.3d at 539 (pilot sought review of the agency's failure to make a final decision on his request for an Unrestricted Certificate). Nor could Plaintiff bring any such challenges now, given that his 2018 Special Issuance Authorization was withdrawn over five years ago in 2019, and his appeal of the FAA's denial of an Unrestricted Certificate remains pending before the Safety Board. *See* 14 C.F.R. 67.401(i)(2) (requiring requests for reconsideration of withdrawal decisions to be made within sixty days of the pilot's receipt of the withdrawal notice); Nat'l Transp. Safety Bd., Currently Scheduled Hearings, https://www.ntsb.gov/legal/alj/Pages/hearing_calendar.aspx (last visited July 22, 2024) (showing that Plaintiff's Safety Board hearing is scheduled for October 2024). *Erwin* and *Friedman* are therefore unavailing to Plaintiff's cause.

- 8 -

Plaintiff's request for a writ of mandamus finds no jurisdictional foothold in the Mandamus

Act, and the Court should therefore dispose of the Amended Petition in its entirety.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss the Amended

Petition in its entirety. A proposed order is submitted herewith.

Dated: July 26, 2024                    Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                                        By: _____ */s/ Tabitha Bartholomew* _____
                                        TABITHA BARTHOLOMEW
                                        D.C. Bar #1044448
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        (202) 252-2529
                                        Tabitha.Bartholomew@usdoj.gov

                                        *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL E. BRAUN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br>et al.,<br><br>　　　　　Defendants. | Civil Action No. 24-0969 (JEB) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Motion to Dismiss, the parties' briefs, and the

entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ODERED that the Amended Petition is DISMISSED.

SO ORDERED:

_____
Date

_____
United States District Judge

# EXHIBIT A



U.S. Department
of Transportation

**Federal Aviation
Administration**

Aviation Safety
Office of Aerospace Medicine
Aerospace Medical Certification Division, AAM-300

P.O. Box 25082
Oklahoma City, OK 73125-9867
Phone: (405) 954-4821

**APRIL 04, 2022**

**CERTIFIED AND REGULAR MAIL**

MICHAEL BRAUN
2719 FEDERAL COURT
CRYSTAL LAKE IL 60012

                                Ref: PI # 2258386
                                     MID # 200009849361
                                     APP ID # 1996306016

Dear Mr. Braun:

The information contained in your agency medical file in support of your
request for first-class airman medical certification has been reviewed.  The
available medical evidence reveals an established medical history or clinical
diagnosis of: substance dependence.  These findings are incompatible with
aviation safety.  It has been determined, therefore, that you do not meet the
standards for unrestricted airman medical certification under Sections
67.107(a)(4), 67.207(a)(4), 67.307(a)(4), of Title 14 of the Code of Federal
Regulations (14 CFR), Part 67, and your application for airman medical
certification is hereby denied.

If you wish to appeal the foregoing denial of your application for a medical
certificate, you may file a petition with the National Transportation Safety
Board (NTSB).  Enclosed for your guidance is an information sheet setting
forth alternative courses of action open to you as a result of this denial,
including information regarding your option to appeal the denial to the NTSB.

You have also been given consideration for the special issuance of a medical
certificate under 14 CFR Section 67.401.  It has been determined, however,
that your medical condition precludes the safe performance of airman duties
under any condition that could reasonably be prescribed.

We are willing to review your request for airman medical certification via a
Special Issuance Authorization in accordance with with 14 CFR Section 67.401:

   o   We will await the complete HIMS packet to be submitted by your HIMS AME
       Dr. Pinnell for review and consideration.

       **The packet is expected to include the following:**

       1. Complete copies of all records from any treatment program for
       substance abuse/dependence which has recently been completed.

       2. Evidence of current and ongoing weekly attendance at group aftercare
       for substance dependence.

       3. A current evaluation from a HIMS Psychiatrist.

Page 2                                                                    PI # 2258386
                                                                          MID # 200009849361
                                                                          APP ID # 1996306016
                                                                          Michael Edward Braun

4. A current HIMS AME report from Dr. Pinnell, documenting your progress in a monitoring program, to include a description of attendance and mutual peer support group meetings (e.g. AA meetings, BoaF meetings, etc.).

**Please be advised:** Upon receipt and review of the above-listed information, additional information and/or action may be requested.

Sincerely,

David M. O'Brien, MD, MPH
Manager, Aerospace Medical Certification Division
Civil Aerospace Medical Institute

Enclosure:  Pilot's Bill of Rights Notification
            NTSB-2

cc:  Gregory Pinnell M.D.
SNT

PI # 2258386
MID # 200009849361
APP ID # 1996306016
Michael Edward Braun

**DEPARTMENT OF TRANSPORTATION**
**Federal Aviation Administration**

**INFORMATION FOR APPLICANTS REGARDING APPEAL OPTIONS**

You have been denied the issuance of an airman medical certificate for the reasons stated in the foregoing letter.  The decision constitutes a denial by the Administrator of the Federal Aviation Administration (FAA) under 14 CFR 67.409 and 49 USC 44703.  Therefore, you may:

a. Accept the decision that you do not meet the medical standards under part 67 of the Federal Aviation Regulations, in which case no further action is required on your part.  This does not jeopardize your right to submit a future application.

b. Apply for the discretionary issuance of a certificate under the provisions of 14 CFR 67.401.  You may apply for the special issuance certificate by submitting a letter addressed to:

> Department of Transportation
> Federal Aviation Administration
> Attention:  AAM-300
> P O Box 25082
> Oklahoma City, OK  73125-9867

c. Appeal the foregoing denial of your application for a medical certificate by submitting your petition for review to the National Transportation Safety Board, Office of Administrative Law Judges, by email at ALJappeals@ntsb.gov; physical mail at 490 L'Enfant Plaza East, SW, Washington, DC 20594; or FAX at (202) 314-6158.  The NTSB Rules of Practice require that the petition contain a statement of the reasons you believe the denial is erroneous.  This petition must be filed within 60 days of the service of this letter and accord with the provisions of 49 U.S.C. § 44703.  Please include a copy of this letter with your petition to the NTSB.  Instructions for submitting a petition for review to the NTSB, and other information, including instructions for filing documents during the covid 19 pandemic, are available at: https://www.ntsb.gov/legal/alj/Pages/default.aspx

NTSB - 2

PI # 2258386
MID # 200009849361
APP ID # 1996306016
Michael Edward Braun

## PILOT'S BILL OF RIGHTS WRITTEN NOTIFICATION

The information you submit on the FAA Form 8500-8 Application for an Airman Medical Certificate will be used by the Administrator of the Federal Aviation Administration as part of the basis for issuing an airman medical certificate to you under Title 49, United States Code (USC) section 44703(a), if the Administrator finds, after investigation, that you are qualified for, and physically able to perform the duties related to the certificate for which you are applying.  Therefore, in accordance with the Pilot's Bill of Rights, Public Law 112-153, the Administrator is providing you with the applicable written notifications related to this investigation of your qualifications for an airman medical certificate:

- The nature of the Administrator's investigation, which is precipitated by your submission of this application, is to determine whether you meet the medical standards for airman medical certification under Title 14, Code of Federal Regulations (CFR) part 67.

- Any response to an inquiry by a representative of the Administrator by you in connection with this investigation of your qualifications for an airman medical certificate may be used as evidence against you.

- Acopy of the releasable portions of your airman medical file is available to you upon submitting "FAA Form 8065-2 Request For Airman medical Records" to the following address:

> Federal Aviation Administration
> Aerospace Medical Certification Division
> Medical Records Department, AAM-331
> P.O. Box 25082
> Oklahoma City, OK  73125-9867

Note: **FAA Form 8065-2 is not acceptable with a stamped or digital signature.**

If you wish to have the records sent electronically, you must include your health care provider's email address and phone number.